■ LAVINA J. TIDD, Plaintiff, and ELEANOR DIETZ et al., Appellants, v GENE BILBAO et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs Eleanor Dietz, Mary Slack, and William Slack appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 6, 1990, which is in favor of the defendants, upon a jury verdict, after a trial limited to the issue of liability.

Ordered that the judgment is affirmed, with costs.

On the afternoon of October 26, 1984, the plaintiff Lavina J. Tidd's 1983 Ford and the defendant Gene Bilbao's 1976 Chevrolet, which was operated by the defendant Eugene A. Bilbao, collided on Route 300, located in the Town of Newburgh, in Orange County. The plaintiffs Eleanor Dietz and Mary Slack were passengers in Tidd's Ford. As a result of the accident, the plaintiffs Lavina J. Tidd, Eleanor Dietz, and Mary Slack commenced this action to recover damages for personal injuries, loss of consortium, and property damage. Following a jury trial, a verdict was returned in favor of the defendants.

We do not find merit to the appellants' assertion that the jury verdict was against the weight of the evidence. It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park*, 113 AD2d 129, 134, quoting from *Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643). Contrary to the appellants' contention, there was ample evidence supporting the jury verdict. Specifically, evidence was adduced from which the jury could have concluded that the defendant Eugene A. Bilbao was driving eastbound on Route 300 when Lavina Tidd, without yielding the right-of way, proceeded easterly from a private driveway onto Route 300, causing the two vehicles to collide. In light of the above, it cannot be said that the jury's verdict was against the weight of the evidence. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.